IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ARRINGTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 1:23-cv-293 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| WARDEN OF ERIE COUNTY PRISON, ) | |
| DISTRICT ATTORNEY FOR ERIE ) | |
| COUNTY, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

Before the Court[1] is the Amended Petition for a Writ of Habeas Corpus (ECF 12) filed by Petitioner, Richard Arrington, pursuant to 28 U.S.C. § 2241. Also pending is Respondents' Motion to Dismiss (ECF 17.) For the reasons below, the Court will dismiss the Amended Petition because it is moot, deny a certificate of appealability and close this case. Because the Amended Petition is now moot, the Court will dismiss Respondents' Motion.

**I.     Relevant Background**[2]

Arrington filed the Amended Petition on December 30, 2023, when he was a pretrial detainee housed at the Erie County Prison. At that time, he was awaiting trial before the Court of Common Pleas of Erie County ("trial court") on charges of Receiving Stolen Property and Unauthorized Use of a Motor/Other Vehicle. In the Amended Petition, Arrington challenges his

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 15, 21.)

[2] The following background is taken from information provided by Respondents in their Motion (ECF 17), to which they attached parts of the state court record. The Court also takes judicial notice of the information available on the trial court's public docket sheet for Arrington's criminal case at docket number CP-25-CR-2389-2023, which is available online at https://ujsportal.pacourts.us.

pretrial detention, claiming that his arrest was illegal because the affidavit of probable cause that accompanied his criminal complaint was not signed by a magisterial district judge. Arrington also asserts that his rights were violated because he should have been released on bail and because an "illegal offer of [a] plea deal" has been made. (ECF 12 at 6-7.)

The Court directed that the Amended Petition be served on Respondents. They later moved to dismiss (ECF 17), asserting, among other things, that Arrington's claims should be dismissed for failure to exhaust state court remedies.

On January 23, 2024, Arrington pleaded guilty to the charge of Receiving Stolen Property and the prosecution nolle prossed the charge of Unauthorized Use of a Motor/Other Vehicle. That same day, the trial court sentenced Arrington to a term of incarceration of 4 to 23 months. The next day, on January 24, 2024, the trial court granted Arrington parole.

After Respondents filed their Motion to Dismiss, the Court issued an order setting forth the due date for Arrington's response. (ECF 18.) That order, which was mailed to Arrington at his address of record at the Erie County Prison,[3] was returned to the Court on March 7, 2024 because Arrington is no longer housed at the prison and he left no forwarding address. (ECF 20.)

**II.    Discussion**

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus

---

[3] In an order dated January 11, 2024, the Court advised Arrington that he was under a continuing obligation to notify the Court of any change of address. (ECF 13.) Arrington has not updated his address since his release from the Erie County Prison. In fact, Arrington has not communicated with the Court in any way since January 19, 2024. (ECF 15.)

is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citing *Peyton v. Rowe*, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, the federal habeas statute applicable to state prisoners "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a).

While § 2254 applies to post-trial situations, the more general habeas corpus statute at 28 U.S.C. § 2241 does provide federal courts with jurisdiction to issue a writ of habeas corpus filed by a state pretrial detainee, but only in very limited circumstances. The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pretrial petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46). Additionally, regardless of whether a state prisoner is proceeding under § 2241 or § 2254, and except in very rare circumstances that do not apply here, a petitioner must first exhaust his available state-court remedies before he may proceed with his claims in federal court. 28 U.S.C. § 2254(b), (c); *see, e.g.*, *Breakiron v. Wetzel*, No. 2:14-cv-570, 2015 WL 451167, *7 (W.D. Pa. Feb. 3, 2015) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) and *Moore*, 515 F.2d at 441).

As discussed above, Respondents assert in their Motion that the Court should dismiss Arrington's claims due to lack of exhaustion. However, since Arrington recently pleaded guilty to, and was sentenced on, the charge of Receiving Stolen Property, the Court must first consider whether the Amended Petition is now moot as that affects the Court's jurisdiction. *See, e.g.*, *Keitel*,

729 F.3d at 280. In this case, Arrington is no longer a pretrial detainee. He is now in state custody (on parole) pursuant to a state court judgment. Accordingly, his request for pretrial federal habeas relief under § 2241 is moot and the Court will dismiss the Amended Petition for that reason. *See, e.g.*, *Williams v. New Jersey,* No. 18-cv-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (state prisoner's guilty plea moots his § 2241 habeas petition challenging pretrial detention); *Jones v. Mullen,* No. 17-cv-1366, 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) ("where a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."), report and recommendation adopted by, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018).

There is no basis for the Court to convert the Amended Petition as being filed under 28 U.S.C. § 2254. Arrington's claims challenged the validity of *pretrial custody*. In the event that Arrington would want to claim that his current detention violates his federal constitutional rights, he may file a petition for a writ of habeas corpus in federal court under § 2254 after he exhausts his available state court remedies.

Since the Court is dismissing the Amended Petition because it is moot, and not for the grounds raised in Respondents' Motion to Dismiss, the Court will not grant that motion. Instead, the Court will dismiss it.

Finally, because jurists of reason would not find it debatable whether Arrington's § 2241 Amended Petition should be dismissed as moot, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Dated:  April 29, 2024                                     BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge